| | | |
|---|---|---|
| ANTHONY J. ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-00418-TWP-TAB |
| | ) | |
| CAPITAL STATE SECURITY COMPANY A | ) | |
| Security Company, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Complaint and Directing Further Proceedings**

**I.**

The plaintiff's motion to proceed *in forma pauperis* [dkt 2] is **granted**. The assessment of an initial partial filing fee is not feasible at this time.

**II.**

Because the plaintiff has sought and has been granted *in forma pauper* status, the complaint must be assessed under the standard established in 28 U.S.C. § 1915(e)(2). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief." *Id.* To state a claim upon which relief must be granted, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations omitted).

Based on the foregoing screening, the complaint must be **dismissed** because it does not sufficiently allege a source for this Court's jurisdiction. The plaintiff alleges that an employee of Capital State Security Company harassed and threatened him. "Jurisdiction is established when the complaint narrates a claim that arises under federal law (28 U.S.C. § 1331) or that satisfies the requirements of the diversity jurisdiction (28 U.S.C. § 1332)." *Bovee v. Broom*, 732 F.3d 743, 744 (7th Cir. 2013). The plaintiff has not identified the deprivation of a federal right or shown that the requirements of diversity jurisdiction are satisfied. To the extent that the complaint can be understood to be brought pursuant to 42 U.S.C. § 1983, the plaintiff has failed to state a claim under that statute. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Here, the defendant, Capital State Security Company, is not alleged to be a person acting under color of state law.

For the reasons explained above, the complaint fails to state a claim upon which relief can be granted and must therefore be **dismissed** pursuant to § 1915(e)(2). The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have **through April 30, 2015,** in which to **show cause** why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). Failure to do so may result in the dismissal of this action without further notice to the plaintiff.

**IT IS SO ORDERED.**

_Tanya Walton Pratt_

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Date: 4/1/2015

Distribution:

ANTHONY J. ANDERSON
1902 W. 10TH STREET
INDIANAPOLIS, IN 46222